IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00980-SKC-NRN

LOUIS D. NICHAMIN,

    Plaintiff,

v.

RYAN HORCHEN, *and*
H&H PERFORMANCE, INC, *a Pennsylvania corporation,*

    Defendants.

---

## ORDER GRANTING DEFAULT JUDGMENT

---

In 2015, Plaintiff Dr. Louis D. Nichamin, a Colorado citizen, entered into an agreement with Defendants Ryan Horchen, a Pennsylvania citizen, and H&H Performance, Inc., a Pennsylvania corporation (collectively "Defendants"), for the purchase of a 1966 Ford Shelby GT350 ("the Shelby"). Dkt. 1, ¶¶1-3, 11. Dr. Nichamin paid Defendants $160,000 in exchange for the vehicle; after receiving the title, he immediately registered the car with the State of Colorado and obtained a Colorado title in his name. *Id.* ¶¶12-13.

In 2022, Dr. Nichamin transferred the car to Barrett-Jackson Auction Company in Arizona to be listed for sale on Barrett-Jackson's website. *Id.* ¶14. But on November 15, 2023, Dr. Nichamin learned of a second individual, Dr. Timothy Wong, who claimed ownership of the vehicle. *Id.* ¶15. According to Dr. Wong, he

1

purchased the vehicle in 2010 and sent the car to Defendants in 2015 to sell on his behalf. Dkt. 1-2, pp.1-2, 15-16. Dr. Wong further alleged that Defendants then sold the car to Dr. Nichamin without his knowledge or permission in 2016. *Id*. Dr. Wong obtained a default judgment against Defendants in Harris County Court, Texas, with the court finding that Defendants had unlawfully taken Dr. Wong's money and property, including the Shelby. *Id*. pp.3-18. In addition, Dr. Wong's lawyers reported the matter to the Scottsdale, Arizona police department and demanded that Barrett-Jackson cease marketing the vehicle. *Id*. pp.1-3.

Dr. Nichamin filed his Complaint against Defendants on April 11, 2024, asserting claims for breach of contract, negligent misrepresentation or omission, fraudulent concealment, fraudulent misrepresentation and inducement, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *See generally* Dkt. 1. Plaintiff requests damages or, in the alternative, rescission of the contract and a judgment of restitution in his favor. *Id*. Defendants were personally served on April 22, 2024 (Dkt. 7); however, they never answered or otherwise responded to the Complaint. Dkt. 8.

Dr. Nichamin filed a motion for entry of default and default judgment. *Id*. Although the Clerk of Court entered default against Defendants on June 17, 2024 (Dkt. 9), the Court denied the motion for default judgment without prejudice and gave Plaintiff leave to refile (Dkt. 13). Plaintiff filed his renewed Motion for Default Judgment on July 9, 2025. Dkt. 19. The Court has reviewed the renewed Motion and

its attachments, the relevant law, and the record in this case. No hearing is necessary.

For the following reasons, the renewed Motion for Default Judgment is granted.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(b), default judgment may enter against a party who fails to appear or otherwise defend a case brought against them. However, a party is not entitled to the entry of default judgment as a matter of right. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at * 2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P'ship v. Smith*, 141 F.Supp.2d 277, 281 (D. Conn. 2001)). Even after the entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id*. The decision whether to enter judgment by default is committed to the sound discretion of the district court. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

## ANALYSIS

### A.    Subject Matter Jurisdiction, Personal Jurisdiction & Venue

In determining whether the entry of default judgment is warranted, the Court must first determine whether it has jurisdiction over the subject matter and the defendant. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th

Cir. 1997); *Williams v, Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). It is well-settled that "[a] judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties." *Id*. at 1202.

Here, the allegations in the Complaint—taken as true for purposes of default judgment—establish the Court's jurisdiction over this lawsuit. The parties to this matter are citizens of different states and the amount in controversy exceeds $75,000; thus, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

With respect to personal jurisdiction, in his original motion seeking default judgment, Dr. Nichamin argued that Defendants were "subject to personal jurisdiction in Colorado because, at minimum, Defendants have transacted business in [this state]." Dkt. 8, p.3. The Court, however, denied the motion without prejudice because the allegations in the Complaint regarding the business transactions were too attenuated. Dkt. 13, p.3. With his renewed Motion for Default Judgment, Dr. Nichamin has provided supporting evidence regarding his course of dealings with Defendants. Dkt. 19-1.

In his affidavit, Dr. Nichamin attests he met Defendants in Pennsylvania—where he was living at the time—when he was looking to purchase a classic car. *Id*. ¶4. Although Plaintiff was interested in a different vehicle, Defendant Horchen pressed Plaintiff to purchase the Shelby and assured him it had the pedigree he was looking for. *Id*. ¶5. After Plaintiff moved to Colorado—a fact Defendant Horchen knew based on his conversations with Plaintiff—Defendants continued to call and email

4

Plaintiff urging him to buy the Shelby and promising it met all the requirements Plaintiff was seeking in a classic vehicle. *Id.* ¶7. And when Dr. Nichamin did finally purchase the Shelby, Defendants shipped both the title and the vehicle to Colorado. *Id.* ¶¶8, 9.

The Court concludes based on these attestations that the Parties' course of dealings, particularly Defendants' repeated solicitations of a known Colorado citizen, are sufficient to constitute minimum contacts with the state for purposes of personal jurisdiction. Furthermore, Dr. Nichamin's affidavit also establishes that Defendants' guarantees to Plaintiff were knowingly false and meant to induce Plaintiff into purchasing a car with a clouded title. This further supports the finding of personal jurisdiction. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1077-78 (10th Cir. 2008) (finding purposeful direction supporting personal jurisdiction where the defendants had intentionally caused harm to the plaintiffs' business in the forum state).

The record shows that service on Defendants was valid and effective under the Colorado Rules of Civil Procedure governing personal service on individuals and corporate entities, Colo. R. Civ. P. 4(e). Dkt. 7. Consequently, the Court has personal jurisdiction over Defendants. And finally, because a substantial part of the events giving rise to the claim, namely the injury, occurred in this state, the Court finds venue is proper in the State and District of Colorado under 28 U.S.C. § 1391.

5

**B.    Liability**

Dr. Nichamin seeks default judgment against Defendants on all his claims. The Court needs only address Plaintiff's claims for breach of contract (claim one) and fraudulent inducement (claim four) because Plaintiff may receive all the relief he seeks under these claims. And by failing to answer the Complaint, Defendants have relieved Dr. Nichamin of the burden of proving his factual allegations supporting these claims. *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006). Nevertheless, "the Court must determine whether the allegations contained in Plaintiff's Complaint are sufficient to state a claim for relief." *Jones v. Wells Fargo Bank, N.A.*, No 13-cv-02210-MSK-KLM, 2014 WL 3906297, at *8 (D. Colo. Aug. 7, 2014) (internal quotation marks and citations omitted).

"To state a claim for relief, the Complaint must contain sufficient factual matter, accepted as true to show that the claim is plausible on its face." *Id*. (citations omitted). "A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the alleged conduct." *Id*.

**1.    Breach of Contract**

To establish a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a contract; (2) performance by them or some justification for their nonperformance; (3) failure to perform by defendant; and (4) resulting damages. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). The Court has little trouble concluding the allegations in the Complaint establish a breach of contract. According

to the terms of the agreement, Defendants warranted that they had the authority to sell the Shelby and that it was free and clear of all encumbrances. *See* Dkt. 1-1. Although Plaintiff paid Defendants $160,000, the allegations further establish that Defendants did not have the right to sell the Shelby to Dr. Nichamin because Defendants stole the car from Dr. Wong. Dkt. 1, ¶15. And Dr. Wong claims to have a superior title to Dr. Nichamin. *Id.* at ¶17.

Plaintiff is now unable to sell the Shelby, and he will have to spend additional funds to defend his title against Dr. Wong. Dkt. 19-1. Plaintiff has also provided evidence that the Shelby is not the pedigree Defendants promised because it does not have the original drivetrain and there are defects in the vehicle's body. Dkt. 19-2, ¶¶8-9. These defects, in combination with the cloud on Plaintiff's title, have substantially reduced the value of the vehicle. *Id.* Thus, Dr. Nichamin has demonstrated not only a breach of contract, but also that he has suffered damages. He is, therefore, entitled to default judgment on his claim for breach of contract.

### 2.    Fraudulent Inducement

To establish a claim for fraudulent inducement, a plaintiff must demonstrate "(1) the defendant made a fraudulent misrepresentation of fact or knowingly failed to disclose a fact that defendant had a duty to disclose; (2) the fact was material; (3) the plaintiff relied on the misrepresentation or failure to disclose; (4) the plaintiff's reliance was justified; and (5) the reliance resulted in damage to the plaintiff."

7

*Granite Southlands Town Ctr., LLC v. Provost*, 445 F. App'x 72, 75 (10th Cir. 2011) (applying Colorado law).

According to the allegations in the Complaint and Dr. Nichamin's affidavit, Defendants knew that Dr. Nichamin was looking to buy a classic car with a particular pedigree. Dkt. 1, ¶11; Dkt. 19-1, ¶¶4-5. Despite knowing they did not have the authority to sell the Shelby, which was stolen from Dr. Wong, Defendants specifically told Plaintiff the Shelby met those requirements. Dkt. 19-1, ¶¶5, 7, 13, 18-19.

After Plaintiff initially declined to buy the Shelby, Defendants repeatedly contacted Plaintiff and told him that the Shelby was of a "pure pedigree," and therefore, a bargain. Dkt. 19-1, ¶¶5-7. Because Defendants were in the business of repairing, restoring, and selling luxury vehicles, and because Defendants possessed a title suggesting they had the authority to sell the Shelby, Plaintiff relied on Defendants' fraudulent statements. *Id.* ¶¶3, 8-11. And as described above, Plaintiff has suffered damages based on his reliance on those fraudulent statements, to wit, he has purchased a vehicle worth far less than he bargained for and is unable to sell it because of Dr. Wong's claim of superior title. Dkt. 1, ¶¶15-18; Dkt. 19-1, ¶¶15, 18-20.

## C.    **Damages**

Default judgment cannot enter under Rule 55(b)(2) until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott*

*v. United States*, 335 U.S. 601, 611-12 (1949). This ensures that the plaintiff is not awarded more in damages than can be supported by the evidence. *See id*. Whether to conduct a hearing for the purpose of ascertaining damages is discretionary. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). The Court concludes a hearing is unnecessary.

### 1.    Actual Damages

In his renewed Motion, Dr. Nichamin seeks an award of monetary damages representing the difference between the present fair market value of the Shelby and the fair market value of the Shelby *if* it had been in the condition Defendants represented. Dr. Nichamin has included the affidavit of Gary Riley, an expert in the field of classic vehicle valuation with over 25 years of experience in the business of classic car restoration. Dkt. 19-2. Mr. Riley attests that if the Shelby had been in the condition promised by Defendant it would likely be worth $350,000. *Id*. ¶7. He also states that because the Shelby does not have its original drivetrain, has various defects, and has a clouded title, it is worth only $220,000. *Id*. ¶11. Thus, Plaintiff has established actual damages in the amount of $130,000.

### 2.    Punitive Damages

Plaintiff also seeks an award of exemplary damages to cover his attorney's fees in the amount of at least $17,198.44. Pertinent here, Colo. Rev. Stat. § 13-21-102 provides:

> In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury

> complained of is *attended by circumstances of fraud . . .* the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party.

*Id.* at § 13-21-102(1)(a) (emphasis added).

"The general purposes of punitive damages under section 13-21-102 are punishment of the defendant and deterrence against the commission of similar offenses by the defendant or others in the future." *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 65 (Colo. 2005). Although there is no precise calculation for punitive damages, they must nevertheless bear some relation to the plaintiff's actual damages. *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 220 (Colo. 1984). In addition, the Tenth Circuit has noted that "the costs of litigation in order to vindicate rights is an appropriate element to consider in justifying a punitive damages award." *Cont'l Trend Res., Inc. v. v. OXY USA Inc.*, 101 F.3d at 642 (citing *O'Gilvie v. Int'l Playtex, Inc.*, 821 F.2d 1438, 1447 (10th Cir. 1987), *cert. denied*, 486 U.S. 1032 (1988)).

The Court has determined that both the allegations and evidence support a finding that Defendants fraudulently induced Dr. Nichamin into purchasing the Shelby and that this conduct has resulted in actual damages. *See Defeyter v. Riley*, 671 P.2d 995, 998 (Colo. App. 1983) ("It is a fundamental principle of law that punitive damages may not be awarded absent an award of actual damages."). And because of Defendants' conduct, Plaintiff not only had to retain a lawyer and prosecute this case, but he will also bear additional legal expenses in clearing the title

to the Shelby as against Dr. Wong. In addition, the Court observes that Plaintiff's punitive damages request amounts only to 13 percent of the actual damages. *Cf. Palmer v. A.H. Robins Co.*, 684 P.2d 187, 220 (Colo. 1984) (ten-to-one ratio of exemplary to compensatory damages upheld as reasonable); *Mailloux v. Bradley*, 643 P.2d 797 (Colo. App. 1982) (ratios of 10:1 and 35:1 upheld).

Consequently, the Court concludes that awarding Plaintiff $18,000 in punitive damages is reasonable.

### 3.    Costs

Federal Rule of Civil Procedure 54(d)(1) provides that costs should be allowed to a prevailing party. In this action, Dr. Nichamin is the prevailing party by virtue of Defendants' default. *See, e.g., J & J Sports Productions, Inc. v. Paz-Padilla*, No. 3:12-cv-0228-GPC-WMC, 2013 WL 6002872, at *1 (S.D. Cal. Nov. 12, 2013) ("a plaintiff who obtains a default judgment may be considered a prevailing party for purposes of awarding fees and costs . . .") (citations omitted). By the well-pleaded allegations and evidence, Dr. Nichamin has established his claims of breach of contract and fraudulent inducement and an entitlement to exemplary damages under Colorado statute. He has incurred $1,364.58 in compensable litigation costs, which consist of filing fees, notary fees, and service fees. Dkt. 19-3, p.4. Therefore, pursuant to Fed. R. Civ. P. 54(d), Plaintiff is also awarded his costs.

*    *    *

11

For the reasons shared above, Plaintiff's Renewed Motion for Default Judgment is GRANTED and IT IS ORDERED:

1.  Plaintiff shall be awarded $149,364.58, consisting of actual damages, punitive damages, and costs.

2.  Plaintiff is entitled to recover pre- and post- judgment interest as requested in the renewed Motion.

3.  The Clerk of Court shall enter judgment and close this case.


DATED: March 16, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge

12